**CIRCUIT COURT OF FREDERICK COUNTY**

Naomi Pearl Campbell

v.

Lynda Gail Vaughan

February 17, 1988

Case No. (Law) 4274

By JUDGE ROBERT K. WOLTZ

By letter opinion of August 3, 1987, I sustained the defendant's motion to dismiss under the provisions of the last paragraph of Rule 3:3 concerning service of process more than a year after commencement of the action. Thereafter, the plaintiff moved for reconsideration by the court and in the alternative for a nonsuit.

The matter was reargued, but no additional evidence was introduced. The burden of the defendant's argument was based principally on the answers by the defendant to interrogatories filed by the plaintiff. These answers had not been offered in evidence at the ore tenus hearing or at any other time up to and including the argument for reconsideration.

The court must disregard argument for reconsideration based on representation as to what the answers to the interrogatories disclosed. Interrogatories and answers to interrogatories are not part of the evidence unless

offered as such. The last paragraph of Rule 4:8(e) provides, "Only such interrogatories and the answers thereto as are offered in evidence shall become part of the record." See also Rule 5:10 concerning the contents of a record on appeal which provides in subsection (a)(6) that the record shall include "any deposition and any discovery material encompassed within Part Four offered in evidence (whether admitted or rejected) at any proceeding . . ." These rules make it clear that the interrogatory answers represented to exist by counsel, never having been offered in evidence, do not constitute evidence, and the court is limited in its disposition of cases on factual matter appearing in the evidence before it.

Though under § 8.01-380 a plaintiff may take a nonsuit at this time as the proceeding here in no way being a resolution of the merits of the case, the defendant's motion to dismiss was both filed before and ruled upon before the plaintiff's motion for nonsuit. The court considers that it must enter its order on the defendant's motion for dismissal.

The order of dismissal not touching upon any of the merits of the case, such dismissal will be without prejudice. *See* 6A Michie's Jur., *Dismissal, Discontinuance and Nonsuit* § 17.